# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVIA LIMA LOPEZ | * |
| c/o Zipin, Amster & Greenberg, LLC | * |
| 836 Bonifant Street | * |
| Silver Spring, MD 20901 | * |
| PLAINTIFF, | * |
| v. | * Case: _____ |
| HYUN INC., D/B/A MIMI'S CONVENIENCE MART | * |
| Serve: S and P Registered Agents, Inc. | * |
| 1008 Pennsylvania Ave. | * |
| Washington, DC 20003 | * |
| YUNHEE JUNG | * |
| 5434 MacArthur Blvd. | * |
| Washington, DC 20016 | * |
| WOOSEONG LEE | * |
| 5434 MacArthur Blvd. | * |
| Washington, DC 20016 | * |
| DEFENDANTS. | * |

**************************************************************************

## COMPLAINT

Plaintiff Silvia Lima Lopez ("Lopez" or "Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against Defendants Hyun, Inc. d/b/a Mimi's Convenience Mart (hereinafter "Mimi's"), Yunhee Jung, and WooSeong Lee (hereinafter collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and for unpaid overtime wages, minimum wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the State of Maryland. By participating as

the named Plaintiff in this action, Plaintiff consents to prosecute her claims against Defendants under the FLSA and DCMWA.

2. Mimi's is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Mimi's is a convenience store operating in the District of Columbia.

3. Yunhee Jung, and WooSeong Lee own and operate Mimi's.

4. At all times during Plaintiff's employment, Defendants sold food, beverage, and other products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food and beverage products) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employer" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or

proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## **FACTS**

9. During Plaintiff's employment, Yunhee Jung, and WooSeong Lee owned, operated and managed Mimi's.

   a. During Plaintiff's employment, Yunhee Jung, and WooSeong Lee had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. During the period of Plaintiff's employment, Yunhee Jung, and WooSeong Lee supervised the work duties of Plaintiff to ensure her work was of sufficient quality.

   c. During the period of Plaintiff's employment, Yunhee Jung, and WooSeong Lee set and controlled the work schedule or had the power to set and the work schedule of Plaintiff.

   d. During the period of Plaintiff's employment, Yunhee Jung, and WooSeong Lee set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

   e. During the period of Plaintiff's employment, Yunhee Jung, and WooSeong Lee controlled, and was in charge of, the day-to-day operations of Mimi's.

10. Silvia Lima Lopez was employed by Defendants from about December 2007 until January 2015. Plaintiff primarily worked as a cook and general laborer.

11. During Plaintiff's last three years of employment, Plaintiff typically and customarily worked roughly 44 hours per week. Defendant had knowledge and suffered

or permitted Plaintiff to work approximately 44 hours per week.

12. During Plaintiff's last three years of employment, Defendants paid Plaintiff $8.00 per hour for all hours worked, including those hours each week worked over forty (40).

13. For the last three years of Plaintiff's employment, Defendants failed to pay Plaintiff time and a half her regular rate for the hours she worked over forty.

14. For the last three years of Plaintiff's employment, Defendants failed to pay Plaintiff the minimum wage set forth by the DCMWA.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

15. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

16. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

17. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

18. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

19. As set forth above, while in Defendants' employ, Defendants had

knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of forty (40) each week during each of her employment.

20. As set forth above, while in Defendants' employ, Plaintiff regularly and customarily worked more than forty (40) hours per week. As set forth above, Defendants failed to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked

21. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

22. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

23. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

24. Defendants, as Plaintiff's employer under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

25. As set forth above, while in Defendants' employ, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of

5

forty (40) each week during their employment.

26. As set forth above, Defendants failed and refused to compensate Plaintiff proper wages for all overtime hours worked each week in excess of forty (40).

27. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### Violation of Washington, D.C. Wage and Hour Law
### (Minimum Wage)

28. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

29. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of DCWHL.

30. During the relevant period, D.C. Code § 32-1003 required that employers pay their employees at least one dollar over the federal minimum wage.

31. Defendants failed to pay Plaintiff at a rate of at least $8.25 per hour for all hours Plaintiff worked prior to July 1, 2014.  Defendants failed to pay Plaintiff at a rate of at least $9.25 per hour for all hours Plaintiff worked after July 1, 2014.

32. Defendants' failure to pay Plaintiff the minimum wage, as required by the DCWHL, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid

minimum wages in such amounts as are proven at trial, plus damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Dated:  March 27, 2015                           Respectfully submitted,

_____-*S*-_____
Jason D. Friedman, Bar No.: MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
jfriedman@zagfirm.com